UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YVONNE KLEBBA, and
KENNETH KLEBBA,

    Plaintiffs,                                            Case No. 14-cv-11596
                                                         Hon. Lawrence P. Zatkoff

v.

WYNDHAM VACATION RESORTS,
a foreign corporation
and WYNDHAM VACATION OWNERSHIP,
a foreign corporation,

    Defendants.
_____/

## ORDER REGARDING PLAINTIFFS' VOLUNTARY DISMISSAL

Defendants removed this breach of contract action from Wayne County Circuit Court on April 22, 2014 [dkt. 1]. On April 29, 2014, Defendants filed a Motion to Dismiss [dkt. 5]. Plaintiffs filed a Motion to Remand to State Court on May 22, 2014 [dkt. 6]. On June 5, 2014, this Court stayed the filing of Plaintiffs' Response to Defendants' Motion to Dismiss until fourteen days after the Court decides Plaintiffs' Motion to Remand [dkt. 10]. Defendants filed a Response to Plaintiffs' Motion to Remand on June 6, 2014 [dkt. 11].

On August 6, 2014, Plaintiffs filed a Notice of Voluntary Dismissal but titled the document on ECF as "Stipulation of Dismissal by All Plaintiffs" (hereinafter "Docket Number 14") [dkt. 14]. Docket Number 14 states, "COME NOW the Plaintiffs, and pursuant to [Fed. R. Civ. P.] 41(a)(1)(A)(i), hereby give notice of the dismissal of the above action without prejudice." In the interest of clarifying the seemingly contradictory nature of that filing, Defendants filed a Motion to Strike "Stipulation" Reference in Plaintiffs' Filing at Docket Number 14 on August 8, 2014, indicating that Defendants did not agree to the voluntary dismissal, and requesting the correction of

the docket designation of Docket Number 14. [dkt. 15]. Plaintiffs responded on September 5, 2014, admitting that Docket Number 14 is a unilateral and voluntary dismissal of their case pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) [dkt. 17].

Fed. R. Civ. P. 41(a)(1)(A)(i) provides:

(a) **Voluntary Dismissal.**

(1) *By the Plaintiff.*

(A) *Without a Court Order*. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.

It is uncontroverted that neither an answer nor a motion for summary judgment has been filed in this case. *See Detroit Edison Co. v. Westinghouse Elec. Corp.*, 88 F.R.D. 671, 673 (6th Cir. 1981) (noting that a motion to dismiss is not alone a responsive pleading within the context of Fed. R. Civ. P. 41(a)(1)(A)(i) (citing 5 James Wm. Moore *et al.*, Moore's Federal Practice ¶ 41-35 to 41-36 (2d ed. 1951))). Therefore, this case was effectively dismissed without prejudice upon the filing of Docket Number 14 (Plaintiffs' Notice of Voluntary Dismissal). *See Id.* ("[The Notice] itself closes the file . . . . There is not even a perfunctory order of court closing the file." (quoting *American Cyanamid Co. v. McGhee*, 317 F.2d 295 (5th Cir. 1963))).

Accordingly, and for the reasons stated above, IT IS HEREBY ORDERED that Defendants' Motion to Strike "Stipulation" Reference in Plaintiffs' Filing at Docket Number 14 [dkt. 15] is GRANTED. The Court therefore ORDERS the Clerk of the Court to amend the ECF title of Docket Number 14 to read "Notice of Voluntary Dismissal." As such, the filing of Docket Number 14 dismissed this matter without prejudice.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss [dkt. 5] is DENIED as MOOT.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Remand to State Court [dkt. 6] is DENIED as MOOT.

Therefore, IT IS FURTHER ORDERED that this case be CLOSED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff<br>
Hon. Lawrence P. Zatkoff<br>
U.S. District Court Judge

DATED:  December 18, 2014